[No. 19042.  Department One. — January 19, 1893.]

## HENRY W. KING ET AL., RESPONDENTS, *v.* J. T. SHEWARD, APPELLANT.

SALES — RETURN OF GOODS — NEW CONTRACT — SALE FOR PURCHASER'S BENEFIT — ACTION FOR DIFFERENCE IN PRICE — RECOUPMENT OF DAMAGES. — Where goods ordered were sent to the purchaser with the privilege of returning anything not suitable to the purchaser's market within ten days, and several months thereafter, without previous complaint, the purchaser requested permission to return part of the goods, which request was declined by the seller, with an offer to receive them to be handled by the seller for the purchaser at the best price obtainable, and they were returned to the seller pursuant to such offer, the offer and acceptance thereof constituted a new contract, which precluded the purchaser from thereafter recouping damages for the goods returned, on the ground that they were not the kind of goods ordered, and he is liable in an action by the seller for the difference between the original price of the goods and a less price at which they were sold for his benefit under the new contract.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*James Burdett*, for Appellant.

*J. L. Murphey*, for Respondents.

GAROUTTE, J. — In this cause the learned judge of the trial court rendered the following opinion: —

" The plaintiffs are a clothing-house in Chicago, and
the action is for a balance due on a claim for goods sold
and delivered to the defendant.    The main item of dif-
ference, about which the contention in this suit is, arises
from a loss on the return of some of the goods.    The
defendant ordered the goods by a letter to a Mr. Cook,
who was acting for the plaintiffs, the Chicago house,
asking him to send not to exceed two thousand dollars'
worth of boys' and children's clothing, and adds: 'I want
the privilege of returning anything I want to, but if you
take proper care, I will not return anything, in all prob-
ability.'    Mr. Cook turned this letter over to the plain-
tiffs, the Chicago house, and they shipped the lot of
goods to fill the order, and on January 5, 1889, Mr. Cook
sent the defendant a letter, in which he says: 'I am send-
ing you a little over two thousand dollars, so you can
return anything you think will not suit your market.'

" The evidence shows that the plaintiffs sent goods
to the value of $476.62 more than Mr. Sheward's letter
called for, and the bill accompanying the goods con-
tained the following statement: ' We will allow no goods
to be returned after ten days from their receipt.'

" Mr. Cook testifies that the first time they were noti-
fied that Mr. Sheward found fault with the goods was
his letter of May 8, 1889, in which he states that Mr.
Fitzackerly had discovered, in going through the stock,
that they did not need the long-pant suits, and asked
the privilege of returning them, he paying the freight
charges and getting other goods in place thereof, and
asking Cook to wire him if he would consent.    Cook
turned this letter over to the house, and the plaintiffs at
once telegraphed Mr. Sheward, on the same day, the
15th of May, and wrote Mr. Sheward refusing to permit
him to return the goods.    May 15th, after receiving the
telegram from the plaintiffs, Mr. Sheward writes another
letter, in which he says he had not handled boys' cloth-
ing enough to find out he had made a mistake, ' and I
ask you to help me out.'    On May 22, 1889, plaintiffs
wrote another letter to the defendant, in answer to his

letter of May 15th to Cook, in which they again refused
to receive the goods, and used the following language:
' If you had, on receipt of the goods, within a reasonable
time thereafter, advised us, we should willingly have re-
ceived them from you'; and adding: ' We will, however,
say this to you: you may return the goods with the long
pants, and we will handle them the best we can for you,
and will credit you with whatever we can get for them.'
Immediately upon the receipt of this letter by the de-
fendant, and on the 29th of May, 1889, he packed up
151 suits and shipped them to the plaintiffs, the Chicago
house, and sends the bill with a letter as follows:—

" ' We send you to-day, per freight, 151 suits, bill in-
closed, as per letter of instruction, May 22d.

" ' Yours truly,     J. T. SHEWARD, per L.'

" The bill shows that sixteen lots were returned, giv-
ing the numbers of each lot, which corresponded with
the same numbers in the plaintiffs' first bill to said
Sheward, but the return bill shows that ten of these lots
were broken by forty-one suits.  The defendant, it is
true, says that his book-keeper, who signs this letter
accompanying the return bill, had no authority for
writing it; still he was in the employ of the defendant,
instructed to make out the bill and send the same, and
it was in the line of his business to accompany it with
a letter, and from the fact that the goods were sent after
the letter received from the plaintiffs, they would be sent
in pursuance to their instruction, whether it said so in
the letter or not.  In other words, as I view the case,
this letter of instruction, as it is called, or letter .by the
plaintiffs giving the conditions on which they would re-
ceive the goods returned, disposes of this case.  The
defendant had his option whether to return them accord-
ing to the terms proposed in that letter, or to retain them
and recoup for damages if they were not the kind of
goods ordered.  He saw proper, however, to accept the
terms proposed by the plaintiffs, and returned the goods.
The plaintiffs accordingly received the goods so returned
and sold them, as they said they would do, at the best

prices. The goods were billed at the price of $882 when returned, and they were sold by the plaintiffs for $600, making a difference of $282; this, with the item of freight and a small error, makes the amount for which the suit is brought. There was much testimony in the case, and much of the argument of counsel in their briefs, which, under the view I take of the matter, cuts no figure. It was in the nature of a new contract or proposition on the part of the plaintiffs to receive back the goods on certain conditions, and the defendant accepted that proposition, and that is the end of the matter, whether it is a hardship or not.

"Judgment must go for the plaintiff."

For the foregoing reasons, let the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.